*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CRAIG ALAN WILLIAMS,

        Defendant-Appellant.

UNPUBLISHED
December 19, 2019

No. 345246
Oakland Circuit Court
LC No. 2018-265978-FH

Before: MURRAY, C.J., and SAWYER and GLEICHER, JJ.

PER CURIAM.

A jury convicted defendant of assault by strangulation, MCL 750.84(1)(b), and domestic violence, MCL 750.81(2), for attacking his live-in partner in front of their children. Defendant contends that his appointed defense counsel was ineffective for failing to object to the admission of evidence that he had previously been arrested for domestic violence against his live-in partner and against a former girlfriend. Given the other evidence of defendant's guilt, we discern no prejudicial error. We affirm.

## I. BACKGROUND

On the night in question, defendant became heavily intoxicated and HM feared he may become violent. To avoid defendant, HM took the couple's two children into their home's master bedroom. Shortly thereafter, defendant pushed his way into the room, breaking the doorframe. Defendant shoved HM to the ground, put her in a chokehold and covered her nose and mouth with his hand. HM felt like she would pass out; she could not catch her breath, talk, or scream. HM escaped and ran into the bathroom, but defendant caught her, pulled her backwards, and she landed on the floor on her back. Defendant punched HM's face and head multiple times. Then defendant threatened to kill HM and their two children, stating that "he would videotape [himself] snapping [their] necks."

HM asked to go outside to smoke, intending to alert neighbors of her plight. But defendant followed HM out the back door, grabbed the back of her hair, and dragged her on the ground. HM screamed in an attempt to get the attention of their neighbors, but defendant covered her mouth with his hand and put a hand around her throat. HM felt pain and pressure

around her neck, and again felt like she was going to pass out. HM then ran to the front door, put her children in the car, and drove to the clubhouse parking lot of their neighborhood where she called 911.

HM suffered abrasions, contusions, and bruises on her knees, face, and neck, as well as a maxillary sinus wall fracture. HM sought treatment at the emergency room and then went to a domestic violence agency for a strangulation assessment. After the attack, HM suffered headaches, a hoarse voice, and could not eat hard food for approximately one week because of pain and irritation in her throat.

At issue in this case is evidence that the prosecutor presented, with no objection by defense counsel, that defendant had assaulted romantic partners in the past. The prosecutor played for the jury the recording of HM's 911 call. The operator inquired whether defendant had ever been arrested for this type of attack before and HM responded, "[y]es . . . [o]nce with me, and previously with another girlfriend." Further, HM and her cousin both testified about an incident on May 23, 2013, when defendant pulled HM's hoodie over her head, covered her mouth so that she could not breathe, and almost pushed her down the stairs. The cousin contacted 911 and responding officers arrested defendant.

## II. ANALYSIS

As noted, defendant contends that his defense attorney was ineffective for failing to object to the admission of other-acts evidence. "Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law. Generally, a trial court's findings of fact, if any, are reviewed for clear error, and questions of law are reviewed de novo." *People v Solloway*, 316 Mich App 174, 187-188; 891 NW2d 255 (2016). Because no factual record was created in regard to defendant's claims of ineffective assistance of counsel, our review is limited to mistakes apparent on the record. *Id*. To prevail on a claim of ineffective assistance of counsel, a defendant has the burden of establishing that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012).

We take no position on the soundness of counsel's decision to raise no objection or challenge to the admission of the subject testimony. Even if the evidence was admitted in error because of counsel's failure to object, there is not a reasonable probability that the admission of this evidence altered the outcome of this proceeding. The prosecutor presented to the jury HM's description of the attack. The jury heard the full recording of HM's call to 911, and was able to hear HM's contemporaneous emotional state. The prosecution presented photographs of HM's injuries, testimony from the forensic nurse who conducted the strangulation assessment, and records from HM's emergency room visit. Although the injuries to HM's neck were not obvious in the photos, the responding officer testified that HM's neck "had some like pinkness on it." HM also showed the jury the scars she still carries on her knees from the assault. In addition to noting the more obvious signs of abuse, the forensic nurse testified that HM's symptoms were consistent with strangulation. Specifically, the nurse noted a backup of fluid in HM's eyes, headache, and dizziness, as well as "some discoloration on the right side of the neck."

Given the strength of the independent evidence supporting defendant's conviction, defendant cannot establish that he was prejudiced as a result of the admission of the challenged evidence. Accordingly, defendant is not entitled to a new trial.

We affirm.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Elizabeth L. Gleicher